Tax Commission of Ohio *v.* Glass et al.

(Decided May 5, 1928.)

*Mr. E. C. Turner,* attorney general, *Mr. W. H. Middleton, Jr.,* and *Mr. J. Carl Marshall,* for plaintiff in error.

*Mr. W. A. Paxson* and *Mr. W. S. Paxson,* for defendants in error.

Kunkle, J. It appears from the record that one L. D. Glass died in October, 1926, leaving a will which was duly admitted to probate in the probate court of Greene county, Ohio. Item 2 of said will contained the following provision:

"I give, devise and bequeath to my wife, Lucy May Glass as hereinafter provided, all of my estate and property of every kind and description, real, personal or mixed, to have and to hold the same, for and during her natural life, especially with regard to my real estate, which consists of fifty acres of land in Silvercreek township, Greene county,

Ohio, on which we now reside, being the same lands conveyed to me by S. H. Smith and wife, by deed dated March first A. D. 1888, and recorded in vol. 74, page 121 Deed Records of Greene county, Ohio, the same to be for a home for her, and myself or the survivor of us, during our natural lives; but as to my personal estate and property, she shall have full power and control of it, together with the rents and proceeds of said farm, so long as she shall live without the control of any one else during her lifetime, and at her death, and my death, or the survivor of us, I do hereby devise and bequeath to W. B. Leach of Silvercreek township, Greene county, Ohio, and his wife, Alveretta Leach, equally, share and share alike, the fee simple title to said real estate above described, subject to said life estate of myself and my said wife, Lucy May Glass, on the condition, that said W. B. Leach and wife, Alveretta Leach shall provide for my said wife, after my death, and myself, in case my wife shall predecease me, a suitable home, with the necessaries and comforts of life, so long as we or the survivor of us, shall live, and pay our funeral expenses, doctor bills, out of said personal estate and property, that shall remain, and they shall then have and I do hereby bequeath to them all of our household goods and personal property, of every kind, including also any moneys that we or my said wife shall have at the time of her death, to them, their heirs and assigns forever. It being understood and is hereby provided, that my said wife shall have and control, during her lifetime, all money or personal property of which I may die seized or possessed, to do with as she may wish and desire; but whatever

may remain after her death, shall then be the property of said W. B. Leach and Alvaretta Leach, and whereas I am requesting the probate court to appoint my said wife, Lucy May Glass and said W. B. Leach executors of this my will, I desire that no bond shall be required of them, during the lifetime of my said wife, nor any accounting be required by them during her lifetime.''

In January of 1927 the above-named W. B. Leach and Alverda Leach, the remaindermen under said item 2, filed in the probate court of Greene county their rejection and refusal to accept the legacy under said will as appears from Exhibit C.

When the application of the executors was made to the probate court of Greene county for a determination of the inheritance tax due on said estate, the attention of the court was called to such rejection by the above-named remaindermen, but the probate court found that such remaindermen, W. B. Leach and Alverda Leach, were chargeable with the inheritance tax on said legacy so bequeathed to them and by them rejected.

An appeal was taken from the finding and judgment of the probate court to the court of common pleas of Greene county. The court of common pleas reversed the judgment of the probate court. From such judgment of the common pleas court, the tax commission of Ohio has filed a petition in error in this court, seeking to secure a reversal of the judgment of the court of common pleas.

The question which is presented to this court for consideration and determination therefore is: Should the above-named legatees, W. B. Leach and Alvaretta Leach, be required to pay an inheritance

tax on said legacy after the legacy has been specifically rejected and renounced by such legatees; or should the property so devised become intestate property, and pass under the laws of descent and distribution, and the inheritance tax be determined accordingly?

Section 5332, General Code, contains the following provision:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:

"(1) When the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death."

Subdivision 2 of Section 5331, General Code, defines the terms employed in the inheritance tax section as follows:

"(2) 'Succession' means the passing of property in possession or enjoyment, present or future."

The Supreme Court of Ohio, in the case of *Tax Commission* v. *Lamprecht,* 107 Ohio St., 535, 140 N. E., 333, 31 A. L. R., 985, announced the following rule in the syllabus:

"The Ohio state inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a decedent's estate, and, in determining the value of the succession of any such beneficiary the amount of the federal estate tax should first be deducted, like other debts and expenses of administration."

The court in this case, after discussing various sections of the Code relating to the subject, announced the further rule, page 544 (140 N. E., 336):

"From the foregoing statutory provisions it is clear that the Ohio inheritance tax is a tax upon the right to receive property from the estate of a decedent. The technical language of the act above quoted taxes the 'succession,' which by the statutory definition means 'the passing of property.' "

At page 546 (140 N. E., 336) of this decision, the court, after referring to different sections of the Code, says:

"It is difficult to see how the Legislature could have intended that the tax should be computed upon property, which does not, in fact, pass, and which is not, in fact, received by the beneficiary."

It affirmatively appears from the record that the said devisees not only renounced in probate court the devise in question, upon the ground that they considered its acceptance onerous and burdensome, but also executed a quitclaim deed to the widow for the purpose of clearing any possible cloud upon the title to said property.

It is clear from the record that there was no arrangement between the widow and these devisees whereby the title was to be conveyed for a consideration, and it is also clear from the facts disclosed by the record that no beneficial interest whatever passed to said devisees.

We have examined with interest the various authorities cited in the very exhaustive briefs of counsel for both plaintiff in error and defendant in error, but shall not attempt to review these authorities in detail.

From a consideration of the provisions of our statute and of such authorities as are based upon facts similar to those disclosed by the record in this

case, we are of opinion that the statute involved does not provide for the levying of a tax except upon a beneficial interest which the devisee takes under the will. The devisees in the present case by their renunciation took no interest, beneficial or otherwise, under the will, and under the provisions of the statute in question we think they cannot be taxed.

It is an established rule that in the case of a doubtful provision of law, when applied to the facts of a particular case, such doubt should always be resolved in favor of the taxpayer.

Under the facts disclosed by the record in this case, we are of opinion that the said devisees are not subject to the inheritance tax. The judgment of the court of common pleas will therefore be affirmed.

*Judgment affirmed.*

FERNEDING and ALLREAD, JJ., concur.